Kenneth A. Hill
Quilling, Selander, Lownds,
　Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LATITUDE SOLUTIONS, INC., | § | CASE NO. 12-46295-rfn-11 |
| | § | |
| DEBTOR. | § | |

## MOTION TO APPROVE AMENDMENT TO CONTINGENT
## FEE AGREEMENT WITH SPECIAL LITIGATION COUNSEL

### NOTICE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TX 76102-3643 BEFORE THE CLOSE OF BUSINESS ON JULY 10, 2015, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Carey Ebert (the "Trustee"), in her capacity as the chapter 11 trustee for Latitude Solutions, Inc. (the "Debtor"), files this Motion to Approve Amendment to Contingent Fee

Agreement with Special Litigation Counsel, and in support thereof would respectfully show as follows:

## I. STATEMENT OF FACTS

1. On November 9, 2012, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. The Trustee was appointed the chapter 7 trustee. On April 5, 2013, this Court entered an order converting the case to chapter 11. The Trustee was appointed the chapter 11 trustee, and she continues to serve in that capacity.

2. The Debtor was a publicly traded corporation. Prior to the bankruptcy filing, the Debtor designed, developed, purchased, and marketed industrial water purification units for the purpose of water remediation. The Debtor's bankruptcy estate includes approximately sixteen of those units.

3. In the months leading up to the bankruptcy filing, the Debtor paid out millions of dollars to insiders and other persons and entities associated with insiders, moved its corporate office from Florida to Texas, and ceased all marketing efforts for its water purification units. The Trustee believes that the bankruptcy estate holds valid and valuable causes of action against several insiders and other persons and entities for avoidance actions under Chapter 5 of the Bankruptcy Code, fraudulent transfer actions under state law, and other state and federal causes of action related to the control, management, and operation of the Debtor (collectively, the "Causes of Action").

4. On October 4, 2014, this Court entered an Order Approving Employment of Special Litigation Counsel for Chapter 11 Trustee (Dkt. No. 225) approving the Trustee's employment of the following combination of law firms (collectively, the "Firms") to represent her to investigate and pursue the Causes of Action on a contingent fee basis:

(a) Walters, Papillion, Thomas, Cullens, LLC, 12345 Perkins Road, Building One, Baton Rouge, LA 70810;

(b) Broyles Law Firm, LLC, 12345 Perkins Road, Building Two, Baton Rouge, LA 70810;

(c) Anderson Firm, LLC, 11851 Wentling Ave., Baton Rouge, LA 70816; and

(d) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, has served as local counsel for an unofficial committee of shareholders and may also serve as local counsel for Walters, Papillion, Thomas, Cullens, LLC, the Broyles Law Firm, LLC, and the Anderson Firm, LLC in connection with the Causes of Action.

5. The engagement letter evidencing the contingent fee agreement (the "Agreement") between the Trustee and the Firms was attached as Exhibit "A" to the Application to Employ Special Litigation Counsel for Chapter 11 Trustee (Dkt. No. 220). A true and correct copy of the Agreement is attached hereto as Exhibit "A" for the convenience of the Court and parties in interest.

6. After the Firms started their work for the Trustee, it became apparent that the Firms and the Trustee had underestimated the fees and expenses of an accounting expert needed to assist the Firms in investigating and pursuing the Causes of Action. Under the existing Agreement, the Firms are responsible for advancing those costs and then are entitled to reimbursement out of the proceeds of recoveries on the Causes of Action.

7. After discovering that the fees and expenses of an accounting expert were going to be higher than originally expected, the Trustee and the Firms agreed (subject to this Court's approval) to modify the Agreement to address that issue. Specifically, the Trustee and the Firms

propose to amend the Agreement to provide that the Trustee and the Firms will share all fees and expenses of an accounting expert fifty-fifty. To the extent funds are available in the Debtor's bankruptcy estate (whether from proceeds of the Causes of Action or other sources) and to the extent the fees and expenses of the accounting expert have not been reimbursed out of proceeds from Causes of Action, the Trustee will reimburse fifty percent of those costs to the Firms on a quarterly basis. The Firms will still advance all of those costs at the outset. The only change is that the Trustee can use funds from sources other than proceeds from the Causes of Action to reimburse the Firms for up to fifty percent of those costs.

8. As long as the gross amount of recoveries from the Causes of Action is high enough to cover all of the Firms' reimbursable expenses under the existing Agreement, the Amendment will not have any effect on the net amount the Debtor's bankruptcy estate will receive from the Causes of Action. The Trustee and the Firms obviously expect to recover amounts from the Causes of Action far in excess of the Firms' reimbursable expenses. In the unlikely event the gross amount of recoveries from the Causes of Action is not enough to cover all of the Firms' reimbursable expenses under the existing Agreement, then the Trustee will cover up to half of the amounts the Firms advance for fees and expenses of the accounting expert to the extent funds from other sources are available in the Debtor's bankruptcy estate.

9. The specific terms of the proposed amendment are set forth in an Amendment to Contingent Fee Agreement (the "Amendment"), a true and correct copy of which is attached hereto as Exhibit "B." For a complete understanding of the proposed amendment, interested parties should refer to the Amendment itself. The terms of the Amendment will control over any contrary or conflicting terms stated in this Motion.

## II. ARGUMENT AND AUTHORITIES

10. The Trustee, with the Court's approval, may employ attorneys. 11 U.S.C. § 327(a). The Trustee requires the representation of special litigation counsel in order to investigate and pursue the Causes of Action to obtain the maximum benefit for the bankruptcy estate. The proposed Amendment will allow the Trustee to use funds from sources other than proceeds from Causes of Action to equitably share the fees and expenses of an accounting expert to assist the Firms in investigating and pursuing the Causes of Action for the benefit of the Debtor's bankruptcy estate. The Amendment is reasonable and in the best interest of the Debtor's bankruptcy estate. The Trustee requests pre-approval of the Amendment under section 328(a) of the Bankruptcy Code.

## III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter an order approving the Amendment and granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
        Kenneth A. Hill
        State Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

  I hereby certify that, in accordance with this Court's Order Establishing Procedures to Limit Notice, a true and correct copy of the foregoing document was served concurrently with the filing of the same by ECF upon all persons who have filed ECF appearances in this case, including (a) counsel or record for the Debtor, (b) the Trustee, (c) the Office of the United States Trustee, and (d) all persons and entities requesting notice under Fed. R. Civ. P. 2002(m). I further certify that a true and correct copy of the foregoing document was served concurrently with filing by first class mail, postage prepaid, on the following:

David A. Carter, P.A.  
One Lincoln Place  
1900 Glades Rd., Suite 401  
Boca Raton, FL 33431  

Vince Slusher, Esq.  
DLA Piper LLP (US)  
1717 Main Street, Suite 4600  
Dallas, TX 75201-4629  

Rachel Nanes  
DLA Piper LLP (US)  
200 S. Biscayne Blvd., Suite 2500  
Miami, Florida 33131  

BILL SCHUETTE, Attorney General  
Julius O. Curling, Assist. Attorney Gen.  
P.O. Box 30754  
Lansing, MI 48909  

Jeffrey M. Tillotson  
Elizabeth Y. McElroy  
Lynn Tillotson Pinker & Cox, LLP  
2100 Ross Avenue, Suite 2700  
Dallas, Texas 75201  

                */s/ Kenneth A. Hill*  
                Kenneth A. Hill

4817-0158-5444, v. 1

**MOTION TO APPROVE AMENDMENT TO CONTINGENT**  
**FEE AGREEMENT WITH SPECIAL LITIGATION COUNSEL**         **PAGE 6**