Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

ATTORNEYS FOR THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LATITUDE SOLUTIONS, INC., | § | CASE NO. 12-46295-rfn-11 |
| | § | |
| DEBTOR. | § | |

### TRUSTEE'S MOTION TO APPROVE THE SALE, TRANSFER AND ASSIGNMENT OF JUDGMENT FREE AND CLEAR OF <u>ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES</u>

**TO THE HONORABLE RUSSELL F. NELMS,
UNITED STATES BANKRUPTCY JUDGE:**

Carey Ebert (the "<u>Trustee</u>"), in her capacity as the chapter 11 trustee for Latitude Solutions, Inc. (the "<u>Debtor</u>"), hereby files this *Motion to Approve the Sale, Transfer and Assignment of Judgment Free and Clear of All Liens, Claims, Interests and Encumbrances* (the "<u>Sale Motion</u>"), and in support thereof, respectfully states as follows:

### I. <u>NATURE OF THE MOTION</u>

1.    The Trustee seeks approval of a sale, transfer and assignment of the Judgment (defined below) to Glacier Value Partners LLC (or such other party/parties to which GVP has or may assign its rights to the Judgment, "GVP"), free and clear of all liens, claims, interests and encumbrances under 11 U.S.C. § 363(f) for a total payment of $3,750,000.00 (the "Purchase Price"),

which will be paid to the Trustee in immediately available funds at the closing of such sale, which shall occur no later than July 23, 2018, (unless otherwise extended by mutual agreement between GVP and the Trustee).[1] The agreement between the Trustee and GVP is subject to higher and better offers and the bid procedures and protections described in the Trustee's expedited *Motion to Approve Bid Protections and Bid and Sale Procedures for the Sale, Transfer and Assignment of Judgment* (the "Bid Procedures Motion") filed on June 29, 2018. In the event that other qualified bids are received pursuant to the procedures set forth in the Bid Procedures Motion, the Trustee seeks to sell the Judgment to the Highest and Best Bid (as defined in the Bid Procedures Motion) in accordance with the Bid Procedures Motion.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this Sale Motion pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELEVANT FACTUAL BACKGROUND

**A. The Debtor's Bankruptcy Case and Employment of Special Counsel.**

4. On November 9, 2012, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") commencing the above-styled bankruptcy proceeding (the "Bankruptcy Case"). The Trustee was appointed as the chapter 7 trustee. On April 5, 2013, this Court entered an order converting the

---

[1] The closing of the sale, transfer and assignment of the Judgment to GVP (the "Closing") will occur immediately upon the (i) the Trustee's receipt of the full Purchase approved by the Court through the sales process outlined below and (ii) the Trustee's execution, delivery and filing in the Action of an original signed copy of the *Notice of Sale, Transfer and Assignment of Judgment* in substantially the form attached as Exhibit "C" to the Bid Procedures Motion, which conditions shall occur contemporaneously.

case to chapter 11. The Trustee was appointed as the chapter 11 trustee, and she continues to serve in that capacity.

5. The Debtor was a publicly traded corporation. Prior to the bankruptcy filing, the Debtor designed, manufactured, and leased industrial water remediation units.

6. On September 24, 2014, the Trustee filed an *Application to Employ Special Litigation Counsel for Chapter 11 Trustee* (Dkt. No. 220, the "Application to Employ") requesting that the Court approve her employment of the following combination of law firms to represent her on a contingency fee agreement to investigate and pursue the causes of action that ultimately culminated in the Judgment (described below):

    (a) Walters, Papillion, Thomas, Cullens, LLC, 12345 Perkins Road, Building One, Baton Rouge, LA 70810;

    (b) Broyles Law Firm, LLC, 12345 Perkins Road, Building Two, Baton Rouge, LA 70810;

    (c) Anderson Firm, LLC, 11851 Wentling Ave., Baton Rouge, LA 70816; and

    (d) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219.

7. On December 8, 2016, this Court entered an *Order Approving Substitution of Special Litigation Counsel for Chapter 11 Trustee* (Dkt. No. 365), which approved the Trustee's substitution of PHELANLAW in place of Haynes & Boone, LLP as special litigation counsel under the court-approved contingency fee agreement.[2]

---

[2] As used in this Sale Motion, the term "Special Litigation Counsel" means Walters, Papillion, Thomas, Cullens LLC, the Broyles Law Firm, LLC, Anderson Firm, LLC, and PHELANLAW.

8. The compensation terms of the contingency fee agreement proposed in the Application to Employ were that Special Litigation Counsel would receive a combined contingency fee of 35% of all gross recoveries from the causes of action they pursued on the Trustee's behalf plus reimbursement of expenses. A copy of the contingency fee agreement was attached as Exhibit "A" to the Application to Employ.

9. On October 2, 2014, this Court entered an *Order Approving Employment of Special Litigation Counsel for Chapter 11 Trustee* (Dkt. No. 225, the "Order to Employ"), which approved the Trustee's employment of the Special Litigation Counsel on the terms of the contingency fee agreement requested in the Application to Employ.[3] The contingency fee agreement grants Special Litigation Counsel a contingency fee interest in the Judgment.

**B.    Description of the Judgment to be Sold.**

10. The Debtor's bankruptcy estate includes a Final Judgment (together with all underlying claims and causes of action, the "Judgment") against John Paul DeJoria, Matthew Cohen, Howard Appel, and Ernest Bartlett (the "Judgment-Debtors") in the lawsuit styled *Ebert v. Gustin, et al.*, Civ. Act. No. 4:15-cv-00225-O (N.D. Tex.). A true and correct copy of the Judgment is attached hereto as **Exhibit "A."** All four of the Judgment-Debtors have appealed the Judgment to the United States Court of Appeals for the Fifth Circuit, and that appeal remains pending as *Ebert v. Gustin, et al.*, Case No. 18-10382 (5th Cir.) (the "Appeal"). The initial appeal briefs to the Fifth Circuit are currently due on or before July 26, 2018, with response briefs due thirty days thereafter.[4]

---

[3] On August 21, 2015, this Court entered an *Order Approving Amendment to Contingent with Special Litigation Counsel* (Dkt. No. 287), which approved an amendment to the contingency fee agreement between the Trustee and the above-referenced law firms. That amendment did not affect the 35% contingency fee amount or the right to reimbursement of expenses approved in the Order to Employ.

[4] To the extent appellant were to file its brief in advance of July 26, 2018, the need for expedited relief becomes even

Accordingly, the Trustee respectfully requests that her Sale Motion (and corresponding Bid Procedures Motion) be heard and decided on an expedited basis and well in advance of this July 26th filing deadline.

**C.     The Bid Procedures.**

11.     The Trustee seeks to monetize the Judgment to allow her to complete her administration of this bankruptcy case and make distributions to creditors without having to wait for a resolution of the Appeal, possible application for writ of certiorari to the United States Supreme Court, possible remand for a new trial or other proceedings, and post-judgment collection proceedings.

12.     As a result, and prior to the filing of this Sale Motion, the Trustee contacted several parties to solicit offers to purchase the Judgment.[5] Following those discussions, the Trustee selected GVP to serve as the "stalking horse" bidder (the "Stalking Horse Offer"). The Stalking Horse Offer is subject to higher and better offers as described and provided in the Bid Procedures Motion (which in incorporated herein by reference).

13.     Pursuant to the Stalking Horse Offer—and due to the timing and upcoming briefing schedule in the Appeal—the Trustee has agreed to seek approval, on an expedited basis, of the sale, transfer, and assignment of the Judgment to GVP pursuant to certain sale procedures and bid protections (including a Break-Up Fee), all as more fully set forth below and in the Bid Procedures Motion filed on June 29, 2018.

---

more necessary as appellees' response brief would necessarily be due earlier.

[5] For the avoidance of doubt, and notwithstanding anything else to the contrary herein, the Judgment being purchased by GVP includes, without limitation, all of the Debtor's, the estate's and/or the Trustee's (as applicable) rights, claims and interests in and to the Action, the Appeal and the Judgment, including without limitation, all rights, interests, claims and/or causes of action associated therewith or related thereto.

**TRUSTEE'S MOTION TO APPROVE THE SALE, TRANSFER
AND ASSIGNMENT OF JUDGMENT FREE AND CLEAR OF
ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES                         Page 5 of 11**
2578576.7

## IV. RELIEF REQUESTED

14. Pursuant to sections 105 and 363 of the Bankruptcy Code, and Rules 2002, 6004, 6006, and 9007 of the of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee requests authority tosell, transfer and assign the Judgment to GVP (or such other Higher and Better Bid that might be selected by the Trustee in accordance with the Bid Procedures Motion) free and clear of all liens, claims, interests and encumbrances (the "Sale").

## V. ARGUMENT AND AUTHORITIES

A. **The Business Judgment Standard.**

15. This Court may authorize the Sale, transfer and assignment of the Judgment pursuant to Section 363(b)(1) of the Bankruptcy Code. 11 U.S.C. § 363. As recognized by the Fifth Circuit, a trustee is entitled to use her reasonable business judgment in determining whether to proceed to sale. *See Institutional Creditors of Continental Air Lines Inc. v. Continental Air Lines Inc. (In re Continental Air Lines Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986). The sale of estate assets outside the ordinary course of business may be approved by a bankruptcy court when: (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice is provided to interested parties; (iii) the price is fair, reasonable, and adequate; and (iv) the sale is made to the purchaser in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Stroud Ford, Inc.*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

16. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.,* 107 F.3d 558,

564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *Integrated Resources*, 147 B.R. at 659 ("It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the Debtor's duty with respect to such sales is to obtain the highest price or overall greatest benefit possible for the estate.") (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988)).

17. Here, the Stalking Horse Offer received by the Trustee represents the culmination of the marketing efforts of the Trustee and her professionals. The Purchase Price and overall terms of the Sale are favorable to the estate and will allow the Trustee to expeditiously pay creditors and close this Bankruptcy Case. Moreover, the bid procedures set forth in the corresponding Bid Procedures Motion give the Trustee flexibility to receive any additional offers for the Judgment in order to maximize the potential total sale price. Accordingly, the Trustee believes that the Sale as contemplated herein will be the highest and best offer that can be achieved (and will result in the greatest benefit to the bankruptcy estate) under the circumstances.

18. The proposed Purchase Price is favorable to the Debtor's creditors and estate and is adequate and fair for the Judgment. As discussed above, the Judgment was marketed, and the Stalking Horse Offer was negotiated at arms-length and in good faith with the aim of ensuring that the highest Purchase Price possible was received. Based upon these facts, the Trustee believes that the Purchase Price represents a fair and adequate price for the Judgment.

19. Further, the Trustee is serving the Sale Motion pursuant to this Court's *Order Establishing Procedures to Limit Notice* [Dkt. No. 212], which contemplates the notices described in Rule 2002(a)(2) of the Bankruptcy Rules. As such, the Trustee submits that notice of the Sale is adequate and sufficient.

**B.      Sale of the Judgment Free and Clear of All Liens, Claims, Interests and Encumbrances.**

20.     Section 363(f) of the Bankruptcy Code authorizes the Trustee to sell property outside of the ordinary course of business "free and clear of any interest in such property of an entity other than the estate, only if:

- a. applicable non-bankruptcy law permits sale of such property free and clear of such interest;
- b. such entity consents;
- c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
- d. such interest is in bona fide dispute; or
- e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

21.     The Trustee may sell property free and clear if any one of these five conditions is satisfied. *See Newport Acquisition Co. No. 1 L.L.C. v. Crossroads Capitals Partners L.L.C. (In re C-Power Prods. Inc.)*, 230 B.R. 800, 803 (Bankr. N.D. Tex. 1998) (Felsenthal, J.); *see also Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002); *Citicorp Homeowners Servs. Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

22.     In the instant case, the only interests in the Judgment (other than the Trustee's ownership of the Judgment) are those of Special Litigation Counsel via their contingency fee arrangements. To the extent required, all firms comprising Special Litigation Counsel have consented to the Sale of the Judgment so long as their respective interests attach to the proceeds of the Sale with the same validity, extent, and priority as were in existence as to the Judgment prior to

such Sale. Therefore, the Trustee may sell the Judgment free and clear of all liens, claims, interests, and encumbrances.

23. Moreover, as part of the proposed sale free and clear of liens, claims, interests, and encumbrances, the Trustee is generally required to provide adequate protection to the holder of any interest in the Judgment. *See* 11 U.S.C. § 363(e). Here, the interests of Special Litigation Counsel will attach to the Sale proceeds with the same validity, extent, and priority as were in existence as to the Judgment prior to such Sale. Thus, the Trustee submits that, to the extent applicable, the Sale satisfies section 363(e).

## VI. <u>BANKRUPTCY RULES 6004(H) AND 6006(D) SHOULD BE WAIVED</u>

24. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of an order, unless the court orders otherwise." FED. R. BANKR. P. 6006(d).

25. Due to various deadlines associated with the Appeal, time is of the essence for the Sale. Accordingly, the Trustee requests that the Court waive the fourteen (14) day automatic stay of any final order granting this Sale Motion and order that the relief requested is immediately available upon the entry of the order so that the parties can proceed with closing without delay. The Trustee further requests that the Court authorize the Trustee to take all further actions as may be necessary in order to close the Sale as it is approved.

## VII.  **PRAYER**

**WHEREFORE,** based upon the foregoing, the Trustee requests that the Court enter an order (i) granting this Sale Motion; (ii) authorizing the Trustee to sell, transfer and assign the Judgment, free and clear of all liens, claims, interests and encumbrances, to GVP or any other higher and better offer, and (iii) granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
   Kenneth A. Hill
   Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## **CERTIFICATE OF SERVICE**

        I hereby certify that, in accordance with this Court's Order Establishing Procedures to Limit Notice, a true and correct copy of the foregoing document was served concurrently with the filing of the same by ECF upon all persons who have filed ECF appearances in this case, including (a) counsel of record for the Debtor, (b) the Trustee, (c) the Office of the United States Trustee, and (d) all persons and entities requesting notice under Fed. R. Civ. P. 2002(m). I further certify that a true and correct copy of the foregoing document was served concurrently with filing by first class mail, postage prepaid, on the following:

| | |
|---|---|
| David A. Carter, P.A.<br>One Lincoln Place<br>1900 Glades Rd., Suite 401<br>Boca Raton, FL 33431 | BILL SCHUETTE, Attorney General<br>Julius O. Curling, Assist. Attorney Gen.<br>P.O. Box 30754<br>Lansing, MI 48909 |
| Vince Slusher, Esq.<br>DLA Piper LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, TX 75201-4629 | Jeffrey M. Tillotson<br>Elizabeth Y. McElroy<br>Lynn Tillotson Pinker & Cox, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201 |
| Rachel Nanes<br>DLA Piper LLP (US)<br>200 S. Biscayne Blvd., Suite 2500<br>Miami, Florida 33131 | Robin Phelan<br>PHELANLAW<br>4214 Woodfin Drive<br>Dallas, Texas 75220 |
| Walters, Papillion, Thomas, Cullens, LLC<br>12345 Perkins Road, Building One<br>Baton Rouge, LA 70810 | Broyles Law Firm, LLC<br>12345 Perkins Road, Building Two<br>Baton Rouge, LA 70810 |
| Anderson Firm, LLC<br>11851 Wentling Ave.<br>Baton Rouge, LA 70816 | Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219 |
| Broyles Law Firm, LLC<br>9543 Fenway Avenue<br>Baton Rouge, LA 70809 | |

                                                        */s/ Kenneth A. Hill*
                                                          Kenneth A. Hill